RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
SHREVEPORT, LOUISIANA
DATE _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MICHAEL SOILEAU | CIVIL ACTION NO. 07-1601 |
| VS. | JUDGE HAIK |
| AMERICAN SECURITY INS. CO. | MAGISTRATE JUDGE METHVIN |

*JURISDICTIONAL REVIEW RULING*

Before the court is defendant's submission on jurisdictional amount, pursuant to court order.[1] Plaintiff has filed no response.

Plaintiff alleges that his home was damaged as a result of Hurricane Rita and that defendant under-adjusted the loss, causing him damage in the form of additional living expenses, additional damages and deterioration to the property, additional time delays associated with repairing their dwelling, attorney fees, grief and mental anguish over dealing with an insurance claim and worry over whether or not they would have the funds necessary to repair their property, and associated damages. Plaintiff seeks statutory penalties, damages, attorney's fees and costs under La. R.S. 22:658 and/or La. R.S. 22:1220 and general and specific damages.

Defendant has submitted a copy of the Residential Property Additional Insured Endorsement issued to plaintiff showing policy limits of $21,000. Defendant states that it has processed and paid a windstorm claim under the policy in the amount of $9,010.64 so that the remaining policy limits for the home are $11,989.36.

Defendant contends that the jurisdictional amount is facially apparent. Defendant cites Doyle v. Allstate Ins. Co., No. 06-1521, 2006 WL 3916579, *2 (W.D. La. Nov. 29, 2006)

---

[1] Defendant was ordered to file a memorandum with supporting documentation setting forth specific facts in controversy which supported a finding that the jurisdictional amount exists [Rec. Doc. 9]. Defendant's submission was filed as Rec. Doc. 12.

wherein the court held that it was not improbable that damages for additional time delays associated with repairing plaintiff's dwelling and associated grief and mental anguish could amount to $16,000.00 or more. Assuming this amount, defendant submits this, in addition to contractual amounts allegedly owed, brings the amount in controversy to $27,989.36. According to defendant, considering this amount in addition to penalties under La. R. S. 22:1220 and La. R. S. 22:658, brings the amount in controversy to $61,973.40. With the addition of attorneys fees, defendant concludes the amount in controversy is satisfied. *See* Doyle, 2006 WL 3916579 at *1 (noting one court had already awarded as much as $25,000 in fees on a $19,000 insurance claim and another had upheld an attorney's fees premised on a 1/3 contingency fee agreement).

Defendant further argues that plaintiff's petition neither includes a binding stipulation that the amount in controversy is not in excess of $75,000 nor pleads a general allegation pertaining to the lack of jurisdiction of the federal courts due to an insufficiency of damages.

Considering the foregoing, the undersigned concludes that the jurisdictional amount has been established in this case.

Signed at Lafayette, Louisiana on January 22, 2008

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 1/22/08
BY: CW
TO: hem